**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0837-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCELLUS BARNES,

    Defendant-Appellant.

_____

Submitted September 28, 2021 – Decided October 22, 2021

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 12-12-2067.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Carey J. Huff, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marcellus Barnes appeals from an August 30, 2019 order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was convicted by a jury of third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1) and fourth-degree hindering, N.J.S.A. 2C:29-3(b). In addition, the judge found defendant guilty of a disorderly persons charge of possession of marijuana. The court sentenced defendant to an extended aggregate six-year term of imprisonment.

We affirmed defendant's conviction on direct appeal. State v. Barnes, No. A-4790-13 (App. Div. Feb. 23, 2016) (slip op. at 13). Defendant then filed a PCR petition asserting multiple claims, including contentions that his trial attorney coerced him into waiving his right to testify and failed to adequately investigate and call favorable witnesses. He also asserted appellate counsel failed to raise any ineffective assistance of trial counsel claims on direct appeal.

In an oral opinion issued on August 30, 2019, the PCR judge rejected all of defendant's PCR arguments. He noted that defendant elected not to testify at trial. The judge stated: "Counsel confirmed defendant made this decision after consulting with him and defendant confirmed this on the record." Therefore, the record contradicted defendant's assertion that he was coerced into not testifying.

A-0837-19

In considering defendant's additional contentions, the PCR judge stated:

> [D]efendant does not assert how counsel could have better investigated the case and in fact, the record shows defendant did have an investigator working on the case. Additionally, defendant does not indicate which person should have been called to favorably testify for him or what they would have testified to. Defendant has not shown, therefore that trial counsel was deficient in this regard.

The PCR judge also found appellate counsel was not ineffective because "post conviction relief is the proper method to address ineffective assistance of counsel claims."

On appeal, defendant raises the following arguments:

> I. WHETHER THE PCR COURT SHOULD HAVE GRANTED DEFENDANT AN EVIDENTIARY HEARING FOR HIS PETITION FOR PCR BASED ON
>
> A. Counsel's failure to conduct firsthand investigation of the 1311 Washington Avenue apartment
>
> B. Counsel's failure to find other potential witnesses to testify during trial for the defense
>
> II. WHETHER DEFENDANT PRESENTED THE NECESSARY EVIDENCE OF TRIAL COUNSEL'S COERCION OF DEFENDANT NOT TO TESTIFY TO WARRANT AN EVIDENTIARY HEARING
>
> III. WHETHER DEFENDANT PRESENTED EVIDENCE OF APPELLATE COUNSEL'S

3

INEFFECTIVE ASSISTANCE OF COUNSEL TO
WARRANT AN EVIDENTIARY HEARING

We affirm for the reasons stated in the PCR judge's opinion, adding only the following comments. To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant did not meet that standard here. He did not provide certifications from any witnesses whom he claimed his attorney should have interviewed. Nor did he describe how any other testimony from other witnesses besides the two individuals who testified at trial, could have aided his defense.

Similarly, defendant does not explain how an in-person visit by trial counsel to the apartment where the drugs were found would have uncovered any information that might have changed the outcome of the case.

As the PCR judge found, the record reflects that defendant voluntarily chose not to testify on his own behalf. Not only did defendant confirm to the court that he did not intend to testify, but his counsel requested a break to speak with defendant before confirming to the court that defendant would not be testifying.

In summary, defendant did not present a prima facie case of ineffective assistance and was not entitled to an evidentiary hearing. See State v. Preciose,

4

129 N.J. 451, 462 (1992) (holding that a court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of post-conviction relief.").  Any additional arguments not specifically addressed lack sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0837-19